## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>DUSTIN LEWIS,<br>Respondent. | No. 82750 |
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>MARGAUX ORNELAS,<br>Respondent. | No. 82751 |

FILED

MAR 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER VACATING AND REMANDING

These are consolidated appeals from a district court order granting a motion to suppress in a criminal matter. Eighth Judicial District Court, Clark County; Erika D. Ballou, Judge.

The State indicted Dustin Lewis and Margaux Ornelas on charges stemming from burglaries of storage units at a storage facility on two separate dates.

After the first date of burglaries, Las Vegas Metropolitan Police Department officers canvassing the area came across a tent and a wheelchair in a desert area adjacent to the storage facility. Officers approached the tent and when no one answered, they unzipped the front door of the tent. They found no one inside but saw what appeared to be items reported missing from storage units. Officers obtained a warrant and seized numerous items, and a crime scene analyst collected forensic evidence. Later that evening, a second incident of burglaries occurred at the storage facility.

Based on forensic analysis of items found in the tent and the wheelchair outside of the tent, analysis of fingerprints taken from

22-08623

burglarized storage units, questioning of an alleged co-conspirator in the second incident of burglaries, surveillance footage, and review of recent booking photos, detectives identified Lewis and Ornelas as suspects. Respondents were then each indicted on charges of two counts of conspiracy to commit burglary, four counts of burglary, and grand larceny.

Lewis moved to suppress all evidence, and Ornelas joined the motion. The district court decided that no evidentiary hearing was necessary, even though the State requested to present witnesses. The district court granted Lewis's motion, ordering suppressed all tangible and physical evidence recovered from the tent and the surrounding area, stating the items were seized in violation of the Fourth Amendment. The district court additionally suppressed other incriminating evidence under the fruit-of-the-poisonous-tree doctrine. The State appeals this order.

The State argues the district court failed to make necessary factual findings on the record for this court to review on appeal. The State also argues the district court erred by granting the motion to suppress all evidence because respondents did not have a legitimate expectation of privacy in the seized materials. It additionally argues the district court erred by suppressing additional evidence under the fruit-of-the-poisonous-tree doctrine because the evidence was sufficiently attenuated from the search of the tent. Respondents assert the district court adopted by reference the facts in Lewis's motion to suppress and properly suppressed the evidence.

The district court's decision to suppress evidence presents a mixed question of law and fact. *State v. Beckman*, 129 Nev. 481, 485, 305 P.3d 912, 916 (2013). This court reviews a district court's findings of facts

for clear error but reviews the legal consequences of those factual findings de novo. *Id.* at 486, 305 P.3d at 916.

We agree with the State that the district court did not make proper factual findings for this court to review the legal conclusions on appeal. This court has clearly stated that the district court is required to make express factual findings on the record when deciding suppression motions. *State v. Rincon*, 122 Nev. 1170, 1177, 147 P.3d 233, 238 (2006). In this matter, it is apparent that the district court made factual determinations and inferences, but it did not do so on the record, and this court does not act as a factfinder. *See id.* at 1176-77, 147 P.3d at 237. In order for this court to properly review de novo the legal consequences of the district court's factual findings, district "courts must exercise their responsibility to make factual findings when ruling on motions to suppress." *Rosky v. State*, 121 Nev. 184, 191, 111 P.3d 690, 695 (2005) (internal quotation marks omitted). This court will not speculate about the factual inferences drawn by the district court. *Rincon*, 122 Nev. at 1177, 147 P.3d at 238.

In this matter, the district court did not make any factual findings in its order. We disagree with respondents that the district court adopted by reference the statement of facts included in Lewis's motion to suppress. The district court merely stated its decision was "based on the pleadings, argument of counsel on April 5, 2021, prior arguments made in court, and good cause shown." There is no indication in the district court's order that it intended to adopt any parties' statement of facts and it did not indicate it was incorporating by reference any other source of facts.

Accordingly, without factual findings on the record, we are unable to evaluate the State's additional arguments on appeal, and we

vacate and remand. *See Rincon*, 122 Nev. at 1177-78, 147 P.3d at 238 (remanding the matter to the district court for an evidentiary hearing because the record was insufficient to permit review by this court). For the reasons set forth above, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Erika D. Ballou, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       The Almase Law Group LLC
       The Law Office of Michael A. Troiano
       Eighth District Court Clerk

---

[1]This order constitutes our final decision of this matter. Any subsequent appeal shall be docketed in this court as a separate matter.